UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| PARIS OWENS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>FRANCISCO ZEPEDA; THOMAS ROGERS; and TAMI MATEJEWSKI,<br><br>　　　　Defendants. | No. 4:16-cv-04126-SLD-JEH |

## ORDER

Before the Court is a Motion to Dismiss, ECF No. 9, filed by Defendants Francisco Zepeda, Thomas Rogers, and Tami Matejewski, employees of the Knox County Housing Authority (collectively, "Defendants"). Plaintiff Paris Owens filed a pro se complaint, ECF No. 1, against the defendants under 42 U.S.C. § 1983. For the following reasons, the Motion to Dismiss is GRANTED and the Complaint is DISMISSED WITHOUT PREJUDICE.

## BACKGROUND[1]

Prior to the filing of her complaint, Paris Owens lived for several years, with her three children, as a resident of Knox County Housing Authority. As part of her lease (or some other agreement memorialized by a "document"), she is required to perform community service in order to maintain residency. Owens filed her complaint on June 28, 2016. One or all of the defendants, who are employees at the Knox County Housing Authority, planned to evict her on July 1, 2016, due to her noncompliance with the community service provision. Owens alleges

---

[1] In a motion to dismiss, all well-pleaded allegations in the complaint are taken as true and viewed in the light most favorable to the plaintiff. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 934 (7th Cir. 2012). Accordingly, the material set forth herein, unless otherwise noted, is based on allegations in the Complaint, ECF No. 1.

that new tenants in the building were not "forced to sign such document agreeing to do community service." Compl. 6. Owens suffered a broken ankle in January 2016, which the Court construes as one reason why she may have been unable to comply with the community service requirement.

The Court denied Owens' request for a temporary restraining order stopping the eviction process, on the basis that Owens' claims were not likely to succeed on the merits. *See* Jun. 28, 2016 Order, ECF No. 4. On August 9, 2016, the Court granted Owens' motion for extension of time to file an amended complaint, ECF No. 12, and, on the basis of Owens' statement that new events had taken place that "merit[ed] the Honorable Court's attention," gave leave for Owens to file a renewed motion for a restraining order or preliminary injunction. *Id.* Owens did not submit an amended complaint, nor did she file any other documentation with the Court thereafter. Therefore, the Court relies on the facts in the initial complaint to reach its conclusion in this Order.

## DISCUSSION

### I.     Legal Standard on a 12(b)(1) Motion to Dismiss

A court will dismiss a complaint if it does not have subject matter jurisdiction over the claim. Fed. R. Civ. P. 12(b)(1). The jurisdiction of the federal courts is limited: "[t]hey possess only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The complaint must contain "a short and plain statement of the grounds for the court's jurisdiction," Fed. R. Civ. P. 8(a), and must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (quotation marks omitted). The plaintiff bears the burden of establishing subject matter jurisdiction. *United*

2

*Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003) *overruled on other grounds by Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012).  When "subject matter jurisdiction is not evident on the face of the complaint," the court must "assum[e] for the purposes of the motion that the allegations in the complaint are true."  *Id.*  The relevant statutory source of subject matter jurisdiction in this matter, 28 U.S.C. § 1331, is invoked only "when [a plaintiff] pleads a colorable claim 'arising under' the Constitution or laws of the United States."  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (quoting 28 U.S.C. § 1331).

When a plaintiff represents herself pro se, the complaint is to be "held to less stringent standards" than pleadings by lawyers and must be liberally construed.  *Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 555, 555 n.2 (7th Cir. 1996) (quoting *Duncan v. Duckworth*, 644 F.2d 653, 655 (7th Cir. 1981)).  District courts have the responsibility, short of "becom[ing] advocate[s]," to ensure that pro se plaintiffs have "ample opportunity for amending the complaint" and that their claims be adjudicated on the merits, rather than dismissed on technicalities.  *Id.* at 555.

## II. Legal Standard on a 42 U.S.C. § 1983 Claim

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must sufficiently allege that (1) a person acting under color of state law (2) deprived her of a right, privilege, or immunity secured by the Constitution or laws of the United States.  *London v. RBS Citizens, N.A.*, 600 F.3d 742, 745–46 (7th Cir. 2010).  In order to properly allege a Fourteenth Amendment violation based on equal protection under § 1983, a "plaintiff must allege that a state actor purposefully discriminated against him because of his identification with a particular (presumably historically disadvantaged) group."  *Hernandez v. Joliet Police Dep't*, 197 F.3d 256, 262 (7th Cir. 1999).  "[A] plaintiff states a class-of-one equal protection claim by alleging that he "has been

3

intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *LaBella Winnetka, Inc. v. Vill. of Winnetka*, 628 F.3d 937, 942 (7th Cir. 2010) (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). To successfully allege a Fourteenth Amendment procedural due process violation, the plaintiff must establish that there is "(1) a cognizable property interest; (2) a deprivation of that property interest; and (3) a denial of due process." *Khan v. Bland*, 630 F.3d 519, 527 (7th Cir. 2010) (quoting *Hudson v. City of Chicago*, 374 F.3d 554, 559 (7th Cir. 2004)).

When a plaintiff's complaint fails to plead "a colorable claim arising under a law of the United States," she fails to establish subject matter jurisdiction, and the defendant may move for dismissal of the pleading under Federal Rule of Civil Procedure 12(b)(1). *See e.g.*, *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820–21 (7th Cir. 2009).

### III. Analysis

Owens alleges that, by being subjected to a community service requirement as a condition of her residency, she was "treated differently than others similarly situated, in violation of her equal rights." Compl. 5. She also alleges that the community service requirement, resulting in eviction if not fulfilled, is an "unfair policy." Compl. 7. Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that Owens has not successfully alleged any constitutional violation to form the basis of a § 1983 claim, and that therefore no basis exists for federal subject matter jurisdiction over the suit. Def.'s Mem. Supp. Mot. Dismiss 3.

In its previous order denying the motion for temporary injunction, the Court identified two "potential, if tenuous" constitutional claims for the purpose of ruling on the injunction. Jun. 28, 2016 Order 3. First, that perhaps the community service residency requirement was enforced

4

in some way that violated the Fourteenth Amendment, "based intentionally on an impermissible factor, such as sex or race." *Id.* Second, that Owens was denied due process when one of the defendants made a decision to evict her based on noncompliance with the community service policy. *Id.*

Without amended pleadings containing more detailed allegations, the Court is unable to identify a plausible constitutional violation within Owens' complaint. In regard to a claim on the basis of an equal protection violation, Owens has not identified any facts about the "new tenants," whom she alleges have not been subjected to the same community service requirement, that would suggest that they are receiving favorable treatment based on group identification; she has not even identified herself as a member of a protected group. This leaves the Court with no way to assess whether illegitimate discrimination played a role in the eviction decision, and the Court cannot reasonably infer that such discriminatory conduct occurred.

The same holds true for any claim implicating a violation of due process. Continued occupancy in public housing may be a protectable property interest, *see e.g.*, *Turner v. Chicago Housing Authority*, 760 F. Supp. 1299, 1309 (N.D. Ill. 1991), but other than her labeling of the policy as "unfair," Owens has not presented any factual allegations to suggest she was denied hearing or opportunity to contest the eviction decision. The only inferences the Court is able to make are that Owens was aware of her obligation to complete community service, and that she received written notice of her eviction due to noncompliance with the policy. Compl. 7. As the Court noted in its previous order: "Without more specific allegations or evidence tending to show an arbitrary decision or one made without allowing Owens a chance to tell her side of the story, the Court cannot infer that she was denied due process." Jun. 28, 2016 Order 4.

Based on the foregoing, the Court finds that even when all the allegations are accepted as true, Owens has not plausibly alleged a constitutional violation, and that her complaint should be dismissed because she has not alleged a colorable claim arising under § 1983.

## CONCLUSION

Defendants' Motion to Dismiss, ECF No. 9, is GRANTED. The Complaint, ECF No. 1, is DISMISSED WITHOUT PREJUDICE.

Entered March 16, 2017.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE
